UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Junghyun Shin and Paul Lee<br><br>　　　　　　　　　Plaintiffs,<br>　v.<br>Beauty Town International, Inc. and Don Park<br><br>　　　　　　　　　Defendants, | Index No. 21-cv-13737<br><br>**COMPLAINT** |

Plaintiffs Junghyun Shin and Paul Lee (hereinafter referred to as "Plaintiffs"), by and through their attorney, Ryan Kim, P.C., hereby bring this complaint against Defendants Beauty Town International, Inc. and Don Park, and allege as follows:

## INTRODUCTION

1. This action is brought by the Plaintiffs Junghyun Shin and Paul Lee, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 et seq., New Jersey Wage and Hour Law (NJWHL), and New Jersey Wage Payment Law ("NJWPL") arising from Defendants' various willful, malicious, and unlawful employment policies, patterns, and practices.

2. Upon information and belief, Defendants have willfully, maliciously, and intentionally committed widespread violations of the FLSA, NJWHL, and NJWPL by engaging in pattern and practice of failing to pay its employees, including Plaintiffs, overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and/or (4) attorney's fees and cost.

1

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and has supplemental jurisdiction over the NJWHL claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

6. Mr. Shin started his work at Beauty Town International, Inc.(hereinafter "BTI") on or about September 24, 2018, and his last day of work was July 26, 2020.

7. Mr. Paul Lee started his employment for BTI on about March 18, 2019, and ended on about January 20, 2021.

## DEFENDANTS

*Corporate Defendant*

8. BTI is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 100 Asia Pl. Carlstadt, NJ 07072.

9. BTI is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

10. BTI purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendant*

11. DON PARK known as Bossi Owner to Plaintiffs and License holder of appearance Enhancement Business BTI, (1) had the power to hire and fire employees, (2) supervised and

controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at BTI.

12. DON PARK hired Plaintiffs.

13. DON PARK fired Plaintiffs.

14. DON PARK paid Plaintiffs.

15. DON PARK actively managed BTI.

16. DON PARK resides in the State of New Jersey, Bergen County.

17. DON PARK acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, and the regulations thereunder, and is jointly and severally liable with BTI.

## STATEMENT OF FACTS

18. Defendants committed the following alleged acts knowingly, intentionally willfully, and maliciously against the Plaintiffs.

19. At all relevant times, Defendants knowingly, willfully, and maliciously failed to pay Plaintiffs their lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

20. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

21. Defendants failed to keep full and accurate records of Plaintiffs' hours and wages.

22. Upon information and belief, Defendants failed to keep full and accurate records in order: to mitigate liability for their wage violations.

23. Defendants did not post the required New Jersey State Department of Labor posters regarding minimum wage pay rates, overtime pay, and payday.

*Plaintiffs Junghyun Shin and Paul Lee*

24. Mr. Shin started his work at BTI on or about September 24, 2018, and his last day of work was July 26, 2020. He was a warehouse worker who handled UPS or FedEx shipping and receiving. Mr. Shin reported to work at 7:30 a.m. and worked until 6:30 p.m. or 7 p.m. for 5 days. On Saturdays, he worked from 8 a.m. through 1 p.m. He worked for BTI for about 56 hours per week. And he was paid a fixed amount of wage regardless of the hours he worked for his workweek.

25. Mr. Shin had not been compensated any overtime wage for the hours he worked in access 40 hours per workweek during his employment period.

26. Mr. Paul Lee started his employment for BTI on about March 18, 2019, and his last day of work was January 20, 2021. He worked for BTI and was paid a basic salary and incentive.

27. Mr. Lee worked for BTI in excess of 40 hours per week and he was paid a fixed amount of wage regardless of the hours he worked for his workweek.:

28. At all relevant times, Plaintiffs Junghyun Shin and Paul Lee were not paid overtime pay for overtime work.

29. Throughout their employment, Plaintiffs Junghyun Shin and Paul Lee were not given a statement with their weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each payday.

30. Throughout their employment, Plaintiffs Junghyun Shin and Paul Lee were not compensated at least at one-and-one-half their promised hourly wage for all hours worked above forty (40) in each workweek.

## **STATEMENT OF CLAIMS**

### **COUNT I.**
### **[Violations of the Fair Labor Standards Act-Failure to Pay Overtime]**

31. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

32. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a workweek longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

33. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and an additional equal amount as liquidated damages. 29 USC § 216(b).

34. Defendants' failure to pay Plaintiffs their overtime pay violated the FLSA.

35. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs or all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(I) and 215(a).

36. The FLSA and supporting regulations required employers to notify employees of employment law to require employers to notify employment law requirements. 29 C.F.R. § 516.4.

37. Defendants willfully and maliciously failed to notify Plaintiffs of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' labor.

38. Defendants knowingly, willfully, and maliciously disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs.

## COUNT II.
## [Violation of New Jersey Wage and Hour Law-Failure to Pay Overtime]

39. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

40. An employer who fails to pay their employees' wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to two hundred percent (200%) thereafter under New Jersey Wage and Hour Law, 34:11-56, 58.

41. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiffs at one and one-half times the hourly rate the Plaintiffs.

42. Defendants' failure to pay Plaintiffs their overtime pay violated the NJWHL.

43. Defendants' failure to pay Plaintiffs was not in good faith.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment providing the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under FLSA, New Jersey Wage and Hour Law and New Jersey Wage Payment Law;

b) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

    c)       An award of unpaid overtime wages due under FLSA and New Jersey Wage and Hour Law due Plaintiffs plus compensatory and liquidated damages in the amount of two hundred percent (200%) thereafter under New Jersey Wage Theft Act;

    d)       An award of liquidated and/or punitive damages as a result of Defendants' knowing, willful, and malicious failure to pay overtime compensation pursuant to 29 U.S.C. §216;

    e)       An award of liquidated and/or punitive damages as a result of Defendants' willful and malicious failure to overtime compensation pursuant to New Jersey Wage and Hour Law;

    f)       An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

    g)       The cost and disbursements of this action;

    h)       An award of prejudgment and post-judgment fees;

    i)       Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

                                                  /s/ Ryan Kim  
                                                  Ryan J. Kim

Ryan J. Kim, Esq.<br>
Ryan Kim Law<br>
222 Bruce Reynolds Blvd<br>
Suite 490<br>
Fort Lee, NJ 07024<br>
ryan@RyanKimLaw.com

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO: DON PARK

     PLEASE TAKE NOTICE, that pursuant to the provisions of New Jersey Wage Payment Law, you are hereby notified that Plaintiffs Junghyun Shin and Paul Lee intend to charge you and hold you personally liable, jointly and severally, as an officer of the:

BEAUTY TOWN INTERNATIONAL, INC.,

for all debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the said corporations for services performed by them for the said corporations within the three (3) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: July 16, 2021
       Fort Lee, NJ

                                                Ryan Kim Law, P.C.
                                                *Attorneys for Plaintiff*

                                                */s/ Ryan Kim*
                                                Ryan Kim
                                                222 Bruce Reynolds Blvd. Suite 490
                                                Fort Lee NJ 07024
                                                Tel: (718) 573-1111
                                                Email: ryan@ryankimlaw.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff(s) hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiffs, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with Plaintiffs, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If the defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiffs demand that defendant request that such a third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

*/s/ Ryan Kim*
Ryan Kim
222 Bruce Reynolds Blvd. Suite 490
Fort Lee NJ 07024
Tel: (718) 573-1111
Email: ryan@ryankimlaw.com

## **NOTICE OF LIEN AND ASSIGNMENT**

 Please be advised that we claim a lien upon any recovery herein" for ONE THIRD (1/3) or such amount as a court award. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Ryan Kim*
Ryan Kim
222 Bruce Reynolds Blvd. Suite 490
Fort Lee NJ 07024
Tel: (718) 573-1111
Email: ryan@ryankimlaw.com